

**SIGNED this 21 day of August, 2006.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: DAVID W. MORRISON | § § | CASE NO. 04-12643 FRM |
| WESTERN BUILDERS OF AMARILLO, INC., Plaintiff, | § § § | |
| v. | § § | ADV. NO. 04-1214 |
| DAVID W. MORRISON, Defendant, | § § § | |

MEMORANDUM OPINION

This matter came before the Court on a trial on the merits to determine the dischargeability of a debt pursuant to §§ 523(a)(2)(B), (a)(4) and (a)(6). As such this matter falls within the Court's core proceeding under 28 U.S.C. §157(b)(2)(I), and the Court has jurisdiction pursuant to 28 U.S.C. §1334(a) and (b), §157(a), §151 and the Standing Order of Reference in the Western District of Texas.

Prior to trial, Morrison moved to compel arbitration as to the amount of damages urging that Western Builders of Amarillo, Inc. ("Western Builders") failed to request determination of damages in its prayer for relief. The Court determined that both the parties' pleadings actually evinced intent to join the

1

issue of damages to the causes of action in this case. The Court then allowed the prayer to be amended to include a determination of damages. After the trial, the Court took all the matters under advisement including the arbitration issue and requested briefing from the parties as to 1) whether Morrison could individually enforce the arbitration provision in a contract between his company, Morrison Excavation, and Western Builders and 2) if enforceable by Morrison, whether he waived such right to arbitration. This Memorandum Opinion addresses only the arbitration issue.

## Statement of Facts

In initial contract negotiations, Morrison (as President of Morrison Excavation) provided Western Builders with a financial statement that contained an $858,000 error, making it appear that Morrison Excavation had more in assets than it actually had. Morrison never notified Western Builders of this error.

Western Builders of Amarillo, Inc. and Morrison Excavation, Inc. entered into a subcontract for paving services in March of 2002. The subcontract, signed by Morrison, contained an arbitration provision that states:

> "Any controversy or claim between the parties, regardless of the nature of the theory of the cause of action under which it is asserted, including any claims for misrepresentation or breach of this agreement, arising out of or relating to this agreement or the transactions described in this agreement, or the breach of this agreement, shall be settled by arbitration…"

Throughout the course of the contract, Morrison did not pay several subcontractors under the contract, although Western Builders had provided Morrison with the money to pay them. Western Builders filed suit in January 2003 in the 201st Judicial District Court of Travis County against Morrison and Morrison Excavation. Some discovery occurred in connection with this action. The arbitration clause contained in the contract was not raised by either party.

In May 2004, Morrison filed for bankruptcy as an individual. His schedules included a debt to Western Builders of $800,000 as not disputed.

In August 2004, Western Builders filed a Complaint to Determine Dischargeability. Western Builders' claims were based on alleged written misrepresentations by Morrison regarding the financial condition of his company. Additionally, they asserted that without the alleged misrepresentation, they would not have entered the subcontract with Morrison Excavation. Furthermore, Western Builders entered a claim against Morrison for breach of fiduciary duty under the subcontract. However, Western Builders complaint did not discuss the issue of damages.

Soon thereafter, as a part of his response, Morrison filed a motion to dismiss the case, which was denied. His response did not discuss the issue of damages or arbitration.

Following, the parties filed Pre-Trial orders. Western Builders Pre-Trial order included, among others, the following issues: (1) "What are Western Builders damages," (2) "Is Morrison liable to Western Builders for its damages," and (3) "Is Western Builders entitled to attorney's fees." Morrison's Pre-Trial order contained similar declarations: (1) "What is the proper measure of damages…?," and (2) "What '…money, property, services, or an extension, renewal, or refinancing of credit…' did David Morrison obtain…Are breach of contract damages the equivalent of 'money obtained?'"

Trial commenced on March 8, 2006. Morrison raised the issue of arbitration at the beginning of trial. At the conclusion of trial, the Court held that the pleadings of both parties evinced an intent to join the issue of damages to the litigation.

Issues Presented

1) Is the arbitration clause in the contract between Western Builders and Morrison Excavation enforceable by Morrison individually?

2) If the arbitration clause is enforceable by Morrison, did he waive his right to arbitrate?

Conclusions of Law

Where a matter at issue falls within the Bankruptcy Court's core jurisdiction, the court has greater latitude to exercise discretion with respect to the enforcement of contractual arbitration clauses. *Matter of National Gypsum, Co.,* 118 F.3d 1056 at 1067 citing *Selcke v. New England Ins. Co.,* 995 F.2d 688,

3

691 (7th Cir. 1993)("Even broadly worded arbitration clauses are assumed not to extend to claims that arise out of the provisions of the bankruptcy law itself..") *In re Spectrum Info. Techs., Inc.,* 183 B.R. 360, 363 (Bankr. E.D.N.Y. 1995)("[E]specially with respect to core proceedings, . . . arbitration should not triumph over the specific jurisdiction bestowed upon the bankruptcy courts under the Bankruptcy Code.") (*citing cases*); *Sacred Heart Hosp. of Norristown v. Indep. Blue Cross (In re Sacred Heart Hosp. of Norristown),* 181 B.R. 195 202 (Bankr. E.D. Pa. 1995) ("[A]s to core proceedings, this court may exercise its full panoply of discretion. . . in determining whether to refer a proceeding before it to arbitration"); *In re Glen Eagle Square, Inc.,* 1991 WL 71782 *1 (Bankr. E.D. Pa. May 1, 1991)(court retains discretion to order arbitration of core proceedings because "they impact upon the Debtor's relationship with its entire body of creditors"); *In re Day,* 208 B.R. 358, 369 (Bankr. E.D. Pa. 1997)(bankruptcy courts retain enhanced discretion to deny enforcement of arbitration clauses in core proceedings); *Weinstock v. Frank, Frank & Cohen (In re Weinstock),* 1999 WL 342764 *8 (Bankr. E.D. Pa. May 25, 1999)("Whether it is appropriate that core matters be heard in the forum of an arbitration proceeding requires a balancing of the provisions and policies of the two federal statutes."); *In re United Co. Fin. Corp.,* 241 B.R. 521, 525 (Bankr. D. Del. 1999)("Of course. . .with respect to core matters, the Bankruptcy Court has exclusive jurisdiction which may not be delegated or supplanted by alternative dispute resolution procedures."). The fact that the matter before the court is a core proceeding, however, does not mean that arbitration is inappropriate. It just means that the bankruptcy court possesses discretion to refuse to enforce an otherwise applicable arbitration provision only insofar as enforcement would conflict with the purpose or provisions of the Bankruptcy Code.

Determination of dischargeability of a debt is a core proceeding of critical importance to the "fresh start" that the Bankruptcy Code promises to the honest but unfortunate debtor. That promise is impaired if a bankruptcy court sends a debtor to another forum to obtain rights that the Bankruptcy Code confers. A debt is not excepted from discharge under §523(a)(2) unless the bankruptcy court itself makes that determination on the timely request of a creditor. 11 *U.S.C.* §523(c)(1); Federal R. Bankr. P. 4007(c).

4

*See Worrell v. Zimmerman (In re Zimmerman),* 341 B.R. 77, 80 (Bankr. N.D. Ga. 2006)("Arbitration of issues relating to dischargeability inherently conflicts with bankruptcy law that expressly provides for, and in some instances requires, the bankruptcy courts to make dischargeability determinations and necessarily jeopardizes the Debtor's interests in having dischargeability and other issues relating to the "fresh start" determined in one forum with particularized expertise to do so. Under these principles, a bankruptcy court ordinarily should decline to relinquish its jurisdiction over dischargeability issues and should deny a request to modify the stay to permit arbitration to proceed.")

Here, Morrison is requesting that only the damages portion be arbitrated. This Court would be more inclined to allow this particular issue to be arbitrated as opposed to the actual liability. However, Morrison raised his arbitration request the day of trial when both parties appeared prepared to fully litigate this proceeding. Morrison had plenty of time to request bifurcation of the damages issue at a much earlier date. The inefficiency and costliness of this request alone is reason for this court to use its discretion to deny such a request. However, the following discussion of state and federal arbitration law as briefed by the parties also leads to a denial of Morrison's request.

Under Texas and Federal law, a party seeking to compel arbitration must establish: (1) the existence of a valid, enforceable arbitration agreement, and (2) that the asserted claims fall within the agreement's scope. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999); *In re Koch Indus.*, 49 S.W.3d 439, 444 (Tex. App. 2001). Here, element two is not at issue because the arbitration provision covers "any controversy or claim between the parties, regardless of the nature of the theory of the cause of action under which it is asserted, including any claims for misrepresentation…" Therefore, the issue is whether the arbitration agreement is enforceable by Morrison, a non-party to the contract containing the agreement. The Court finds that such is valid and enforceable. The second issue then becomes whether Morrison waived his right to arbitrate by: (1) filing a motion to dismiss and a pretrial order without asserting his right to arbitration; (2) waiting until the commencement of trial to broach his

5

desire to arbitrate damages; and (3) evincing an intent to include the issue of damages in the litigation. The Court finds that he has waived his right to arbitrate.

    a. Application to Non-Party

Morrison, as the party seeking to compel arbitration, bears the burden of proving a valid and enforceable agreement exists. *In re Weekly Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005). Generally, non-parties may enforce an arbitration agreement if the non-party "falls into an exception recognized under general equitable or contract law." *In re Merrill Lynch Trust Company FSB*, 123 S.W.3d 549, 554-55 (Tex. App. 2003). Morrison has argued that the doctrine of equitable estoppel applies to this case. The doctrine of equitable estoppel allows a non-party to compel arbitration in two circumstances: (1) when a party of the contract raises allegations of misconduct by both the non-party *and* a signatory to the contract, or (2) if the nature of the underlying action requires the party asserting the claim to rely on the terms of the contract containing the arbitration agreement. *Id*. at 482.[1] Morrison argues that the second alternative is applicable here.

The Texas Court of Appeals in *McMillan v. Computer Translation Systems & Support, Inc.*, held that an arbitration agreement was enforceable under equitable estoppel because the plaintiff company: (1) asserted claims that arose from a breach of the agreement, and (2) did not articulate a single cause of action without reference to the agreement. 66 S.W. 3d 477 at 482-83 (Tex. App. 2001). The court found that this demonstrated reliance on the agreement containing the arbitration clause. *Id*. Therefore, the plaintiff was estopped from denying the defendant's the right to argue under the same agreement. *Id*. at 483.

---

1 When each of the claims, by a party to a written agreement containing an arbitration clause, against a non-party makes reference to or presumes the existence of the agreement, the party's claims arise out of and relate directly to the agreement, and arbitration is appropriate. *Merrill Lynch*, 123 S.W.3d at 555. However, under common law contract principles, a party to a contract cannot equitably estop a non-party from avoiding arbitration, regardless of how closely affiliated the non-party is with a signatory. *Merrill Lynch v. Lockey Investment Group, L.L.C.*, No. 05-04-007000-CV, 2006 WL 1738249, at *6 (Tex. App. June 27, 2006).

Like the plaintiff in *McMillan*, each of Western Builders' claims against Morrison are based on and mention the contract with Morrison Excavation. *Id.* at 482-83. Additionally, the fraudulent/misrepresentation allegations made against Morrison concern the actual creation of the aforementioned contract. "A signatory may not 'have it both ways,' that is, 'it cannot on the one hand seek to hold the non-signatory liable pursuant to duties imposed by the agreement…but, on the other hand, deny arbitration's applicability because the defendant is a non-[party].'" *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Lockey Investment Group, L.L.C.*, No. 05-04-00700-CV, 2006 WL 1738249, at *4 (quoting *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000). Therefore, because Western Builders relied on the contract with Morrison Excavation to assert claims against Morrison individually, they are estopped from now denying the contract's applicability.

    b. <u>Waiver of Right</u>

Once the existence of an arbitration agreement has been established, a presumption attaches favoring arbitration, and any "ambiguities…[are] resolved in favor of arbitration." *Fleetwood Enterprises Inc., v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). The burden then shifts to Western Builders, the party opposing arbitration, to show: (1) the agreement is unconscionable, (2) the other party has waived its right to compel arbitration, or (3) the dispute falls outside the scope of the agreement. *Merrill Lynch*, 123 S.W.3d at 554. Here, alternatives one and three are not at issue based on *Plaintiff's Brief Opposing Referral of Damage Assessment to Arbitration*. Therefore, the issue is whether Morrison has waived his right to arbitrate.

There is a strong presumption against finding a waiver of arbitration. *Republic Insurance Company v. Paico Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004). Waiver is found if the party seeking arbitration "substantially invokes the judicial process to the detriment…of the other party." *Subway Equipment Leasing Corporation v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999). Here, Western Builders bears a heavy burden and must show that they were "materially prejudiced" by the delay. *Id.* at

7

327. Ultimately, the question of what constitutes a waiver depends on the facts of each case. *Republic*, 383 F.3d at 346.

Plaintiff argues that not only did Morrison fail to timely assert his right to arbitration, but forcing Western Builders to go to yet another venue to obtain relief would materially prejudice their case. Furthermore, Western Builders relies on the Court's finding that Morrison had evinced an intent to litigate the issue of damages in his pretrial pleadings.

In *Republic*, the Fifth Circuit court held that the plaintiff had substantially invoked the judicial process because: (1) the parties had participated in full-fledged discovery, (2) the plaintiff had waited to invoke the right to arbitrate until days before the trial began, and (3) the plaintiff undertook extensive litigation before raising the issue of arbitration, including: an answer to defendant's counterclaims, pretrial motions, an amended complaint, and a motion for summary judgment. *Id*. at 344-46. Additionally, the court determined the defendant would be prejudiced if the dispute was compelled to arbitration because: (1) heavy discovery was conducted concerning the arbitrable claims, (2) the defendant would continue to accumulate attorney's fees, adding to those from the litigation, and (3) the plaintiff did not timely declare its desire to arbitrate. *Id*. at 346-47.

Here, Morrison did not bring up the issue of arbitration until the morning of the trial, much later than the plaintiff in *Republic*. *Id*. Morrison filed a motion to dismiss and his Pre-trial order without raising the arbitration claim. And, although he may have had a valid right to arbitrate, he did not timely assert that right. Furthermore, as evidenced by his pretrial pleadings, Morrison actually intended to litigate the issue of damages up until the morning of trial. If the Court allowed Morrison to compel arbitration now, it would no doubt materially prejudice Western Builders who had prepared to litigate the issue of damages at trial.

Furthermore, Western Builders would be burdened with excessive attorney's fees. *Id*. Additional unnecessary costs would be incurred for the arbitration, following a previous trial and the present

8

bankruptcy proceeding. Therefore, Morrison's untimely assertion would prejudice Western Builder's case.

Morrison's defense to this argument has been that Western Builder's did not include the "amount of damages" in their *Amended Complaint*. He concludes that, given this fact, his failure to assert the right of arbitration at an earlier time did not constitute a waiver.

However, at the conclusion of trial, the Court determined that the parties' pleadings evinced intent to join the issue of damages to the litigation in this case. Therefore, based on (1) the inclusion of these issues, (2) Morrison's untimely assertion of his right to arbitrate, and (3) his participation in the litigation, Morrison has sufficiently invoked the judicial process. Allowing arbitration would materially prejudice Western Builders.

## Conclusion

Morrison has met his burden of proof with regard to the enforceability of the arbitration agreement. However, Western Builders has succeeded in proving a waiver of Morrison's valid right to arbitration. An Order of evendate herewith will be entered accordingly.

###